WALTER FITCH, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 65911. Promulgated February 23, 1937.

*Joseph D. Peeler, Esq.*, and *J. B. Scholefield, C. P. A.*, for the petitioner.

*I. Graff, Esq.*, for the respondent.

#### OPINION.

HILL: This is a proceeding for the redetermination of a deficiency in income tax for the year 1929 in the amount of $4,663.35. Of three issues raised in the pleadings, the parties have settled two by agreement. Petitioner concedes that respondent has properly included in taxable net income for 1929 items of dividends in the amount of $21,162.91, and respondent concedes that the net income as computed in the deficiency letter has been overstated in the amount

of $6,000, representing one-half of salary of $12,000 received by petitioner and his wife as community property during the taxable year.

This leaves for consideration here a single issue of law, namely, whether the gain derived by petitioner from the sale in the taxable year of certain stocks acquired through the exercise of stock rights may be treated in whole or in part as capital gain, where the stocks sold were held less than two years, but the original stocks in respect of which the rights were issued had been held for more than two years. Upon decision of the issue presented, the parties will be in agreement respecting the recomputation of the deficiency.

This specific question was considered by us in *Rodman E. Griscom*, 22 B. T. A. 979, 994, promulgated March 31, 1931, and again in *Ellen Ayer Wood*, 29 B. T. A. 1050, promulgated February 9, 1934. In those cases we reached the conclusion that shares of stock purchased within two years of the date of sale, although acquired under rights to subscribe received on stock held more than two years, were not "capital assets" within the meaning of section 208 of the Revenue Acts of 1924 and 1926, and section 101 of the Revenue Act of 1928. The present case is governed by the latter statute.

Respondent contends that no part of the profit derived by petitioner from sales of the stocks in question may be taxed as capital net gain, relying on our decisions in the *Griscom* and *Wood* cases, *supra*, while petitioner contends that a portion of each new share (held less than two years) was carried over from the old stock (held more than two years) and that the total gain or loss on the sale of the new share should be allocated to the old and new portions of the property sold.

Our decision in *Ellen Ayer Wood*, *supra*, following the *Griscom* case, was reversed by the United States Circuit Court of Appeals for the First Circuit on January 31, 1935. *Wood* v. *Commissioner*, 75 Fed. (2d) 364. The court held that where the taxpayer purchased, in the exercise of stock rights, new shares and sold them at a profit within two years thereafter, the original shares in respect of which the rights were issued having been held for more than two years, that part of the new shares properly allocable to the "rights" element was a capital asset for the purpose of determining the capital net gain tax under section 101 of the Revenue Act of 1928.

In *Samuel Insull, Jr.*, 32 B. T. A. 47, 56, promulgated February 14, 1935, we again considered, among other things, a situation involving the sale of stock acquired on stock rights held less than two years, but where the original stock was held more than two years, and reached the same conclusion as we reached in the *Griscom* and *Wood* cases, *supra*, on the authority of those decisions.

On April 30, 1935, in *Bradley W. Palmer*, 32 B. T. A. 550, we reached the conclusion that proceeds of sale of stock rights held less

than two years, but which were issued on stock held more than two years, were taxable as capital gain.

On the same date, April 30, 1935, a supplemental opinion at 32 B. T. A. 567, was promulgated in the *Insull* case, *supra*, and on August 1, 1935, at 32 B. T. A. 1070, a second supplemental opinion was promulgated in that case, each conforming our decision in the *Insull* case, on the question of taxing proceeds of sale of stock rights, to the conclusion reached in the *Palmer* case.

Our decision in the *Insull* case on the question of taxing profit derived from the sale of stock acquired on stock rights held less than two years but where the original stock was held more than two years, which is the question in the present case, was reversed by the United States Circuit Court of Appeals for the Seventh Circuit, 87 Fed. (2d) 648.

The issue in the instant case was also raised in *May Rogers*, 32 B. T. A. 1176, promulgated August 8, 1935, and we held the entire gain taxable as ordinary income, declining to follow the decision of the First Circuit in *Wood* v. *Commissioner*, *supra*. The *Rogers* case is now pending on appeal to the Second Circuit.

In *Macy* v. *Helvering*, 82 Fed. (2d) 183, the United States Circuit Court of Appeals for the Second Circuit, on February 17, 1936, reversed the Board's decision contained in a memorandum opinion entered August 6, 1934, in *Valentine E. Macy, Jr., et al., Executors*, following our decisions in the *Griscom* and *Wood* cases, *supra*. This is the same court to which the *Rogers* decision was taken for review.

In the *Macy* case, the court held that a portion of the stock sold represented the taxpayer's old stock interest in the shares which had been held for more than two years before the sale of the additional shares acquired under the stock rights, and that consequently a portion of the profit should be taxed as capital net gain, thus, to that extent clearly approving and following the views of the First Circuit in the *Wood* case. However, since the Commissioner had not presented his theory of the proper method of apportioning the profit between capital gain and ordinary income, the case was remanded to the Board for a determination of such apportionment. There is no question raised in the instant case respecting the proper method of apportionment.

The principle of allocation adopted by the First Circuit in the *Wood* case, by the Second Circuit in the *Macy* case, and by the Seventh Circuit in the *Insull* case, is the same as that urged by petitioner herein, and we, therefore, sustain petitioner's contention. Our prior decisions, above referred to, in so far as in conflict herewith, will not be followed in the future.

The parties have stipulated that under the allocation method of computation the following is a correct statement of the ordinary income and capital gain derived by petitioner from the sales of the stocks in controversy:

| Name of stock | Ordinary income | Capital gain |
| --- | --- | --- |
| National City Bank | $13,328.14 | $167,514.59 |
| Paramount Famous Players | 1,381.13 | 8,511.57 |
| Transamerica Corporation | 71,705.76 | 155,463.87 |

Reviewed by the Board.

*Judgment will be entered under Rule 50.*